# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS HAYDEN and<br>WANDA HAYDEN,<br><br>    Plaintiffs,<br>v.<br><br>MONSANTO COMPANY, EASTMAN CHEMICAL COMPANY, PHARMACIA LLC, SHELL USA, INC., Individually and as successor to Shell Oil Company, Incorporated, Shell Chemical LP (f/k/a Shell Chemical Company), and Shell Oil Products Company, LLC and SOLUTIA INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Cause No. 4:23-1542<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendants Monsanto Company ("New Monsanto"), Solutia Inc. ("Solutia"), Pharmacia LLC ("Pharmacia" or "Old Monsanto"), and Eastman Chemical Company ("Eastman") (collectively, "Removing Defendants") hereby remove this action to this Court from the Circuit Court of the City of St. Louis, State of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support, Removing Defendants state as follows:

**I.    Background**

1. Plaintiffs allege that Mr. Hayden developed Acute Myeloid Leukemia ("AML") from exposure to benzene that was either produced by or present at facilities owned by Defendants. *See* Exhibit A (Pl.'s First Am. Pet.).

2. Plaintiffs initially filed this action in the Circuit Court of the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, on November 1, 2023, naming Solutia and New Monsanto as defendants. *See* Exhibit B (Pl.'s Original Pet.).

1

3. On November 2, 2023, Plaintiffs filed a return of service, stating that Solutia and New Monsanto were served on November 1 and 2, 2023, respectively. *See* Exhibit C.

4. On November 3, 2023, Plaintiffs moved for leave to file a First Amended Petition, naming Eastman, Old Monsanto, and Shell USA, Inc. as additional defendants. *See* Exhibit D.

5. On November 15, 2023, the state court entered an order "allowing" Plaintiffs leave to file their First Amended Petition. *See* Exhibit E.

## II. Removal is Timely

6. Removing Defendants timely filed this Notice of Removal within thirty days after the receipt of a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). The earliest service on any of the Defendants was November 1, 2023.

## III. Diversity Jurisdiction Exists

7. This Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists for all parties, after disregarding fraudulently joined parties. *See* 28 U.S.C. § 1332, 1441.

### A. The Amount in Controversy Requirement is Satisfied

8. For removal, the question "is not whether the damages are greater than the requisite amount, but whether a fact finder ***might*** legally conclude that they are." *Wilson v. Doe*, 4:22-CV-00423-MTS, 2023 WL 3845704, at *1 (E.D. Mo. June 6, 2023) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis added).

9. Further, a removing defendant need "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Wilson*, 2023 WL 3845704, at *1 (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)).

10. Here, Plaintiffs allege that Mr. Hayden developed cancer; incurred "medical bills, pain and suffering and a shortened life expectancy;" "was compelled to expend and became liable

2

for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury;" "experienced great physical pain;" and "was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him." Exhibit A, ¶¶ 36, 51, 61, 70, 77, 88.

11.     Plaintiffs allege that Mrs. Hayden "has suffered a loss of services, society, consortium, and companionship arising out of their marital relationship." Exhibit A, ¶ 90.

12.     For each of their seven counts, Plaintiffs pray for an award of compensatory damages "in excess of" $25,000 plus costs. *See* Exhibit A. Without even considering their costs, Plaintiffs are seeking "in excess of" $175,000, which is $100,000 more than the jurisdictional minimum for this Court.

13.     Based on these facts and allegations, a fact finder "might" legally conclude damages exceed $75,000.00. *See Wilson*, 2023 WL 3845704, at *1.

14.     Therefore, Removing Defendants have met their low burden to include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See id.*

**B.    The Diversity of Citizenship Requirement is Satisfied**

15.     According to Plaintiffs' First Amended Petition, Plaintiffs were citizens of Idaho when they commenced this action and, on information and belief, are still citizens of Idaho at the time of filing this Notice of Removal. *See* Exhibit A, ¶ 1. While Plaintiffs claim that Mr. Hayden was a citizen of Missouri when he was exposed to benzene, this is not relevant for determining diversity of citizenship for a removed action. *See, e.g.*, *Owens v. Bos. Sci. Corp.*, 642 F. Supp. 3d 907, 910 (E.D. Mo. 2022) (explaining that diversity of citizenship must exist when the state petition is filed and when the notice of removal is filed).

16. At the time Plaintiffs commenced this action and at the time of the filing of this Notice of Removal, New Monsanto was and is a corporation organized under the laws of Delaware with its principal place of business in Missouri. The citizenship of New Monsanto, however, must be disregarded for the purposes of this Court's jurisdiction, because Plaintiffs have fraudulently joined New Monsanto in an attempt to defeat Removing Defendants' right to remove.

17. At the time Plaintiffs commenced this action and at the time of the filing of this Notice of Removal, Eastman was and is a corporation organized under the laws of Delaware with its principal place of business in Tennessee.

18. At the time Plaintiffs commenced this action and at the time of the filing of this Notice of Removal, Solutia was and is a corporation organized under the laws of Delaware with its principal place of business in Missouri. The citizenship of Solutia, however, must be disregarded for the purposes of this Court's jurisdiction, because Plaintiffs have fraudulently joined Solutia in an attempt to defeat Removing Defendants' right to remove.

19. At the time Plaintiffs commenced this action and at the time of the filing of this Notice of Removal, Old Monsanto was and is a limited liability company, whose sole member was and is Wyeth Holdings LLC, whose sole member was and is Anacor Pharmaceuticals, Inc., which was and is incorporated under the laws of Delaware with its principal place of business in New York. Anacor Pharmaceuticals, in turn, is indirectly wholly owned by Pfizer, Inc., a publicly-traded company. Pfizer, Inc. is incorporated under the laws of Delaware, with its principal place of business in New York. Pfizer, Inc. does not have a parent corporation.

20. At the time Plaintiffs commenced this action and at the time of the filing of this Notice of Removal, Shell USA, Inc. was and is a corporation organized under the laws of Delaware with its principal place of business in Texas.

### C. New Monsanto and Solutia Have Been Fraudulently Joined and Must be Disregarded for Purposes of this Court's Jurisdiction

21. Against Monsanto Company (or New Monsanto) and Solutia, Plaintiffs assert three claims: Count I—Negligence: Premises Liability; Count II—Negligence; Count VII—Consortium. *See* Exhibit A.

22. These claims are based on the same factual allegations that Mr. Hayden worked for Manufacturers Railway Company and went onto the premises of the John F. Queeny plant in the City of St. Louis from 1966 to 1989. *See, e.g.*, Exhibit A, ¶ 15.

23. New Monsanto, the legal entity named and served in this matter as "Monsanto Company," did not exist until 2000. Furthermore, New Monsanto never owned, operated, or controlled the John F. Queeny plant located in St. Louis, Missouri.[1] In support of this contention, Defendant Monsanto Company attaches the Declaration of Keith R. Abrams. *See* Exhibit F, Declaration of Keith R. Abrams.

24. Similarly, Solutia did not own did not own, operate, or control the Queeny plant prior to 1997. In 2006, Solutia halted operations at the plant, and in 2008, Solutia sold the plant property. *See* Exhibit G, Declaration of Edwin Williamson.

Plaintiffs' claims against New Monsanto and Solutia must be disregarded because they have been fraudulently joined.

25. Plaintiffs cannot defeat Removing Defendants' right to remove by fraudulently joining sham defendants whose presence in a lawsuit serves only to defeat diversity jurisdiction.

---

[1] The entity known as Old Monsanto, which owned and operated the John F. Queeny plant in St. Louis, Missouri until its transfer to Solutia Inc. in 1997, merged with Pharmacia + Upjohn, Inc. in March 2000. Following the merger, the Old Monsanto changed its legal name to Pharmacia Corporation, and then to Pharmacia LLC. Pharmacia LLC (or Old Monsanto) is limited liability company, whose sole member is Wyeth Holdings LLC, whose sole member is Anacor Pharmaceuticals, Inc., which is incorporated under the laws of Delaware with its principal place of business in New York.

*See BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677 (8th Cir. 2002); *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063 (8th Cir. 1996).

26. The fraudulent joinder doctrine "protects the integrity of [federal] jurisdiction by ensuring it is neither expanded nor retracted by sham pleadings." *BP Chemicals Ltd.*, 285 F.3d at 685-86.

27. When a court is assessing whether diversity jurisdiction exists over a particular case, the court may ignore the citizenship of fraudulently joined parties. *See Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913 (8th Cir. 2014); *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 186 (E.D. Mo. 1995). The Eight Circuit has described fraudulent joinder as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. R.R. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). A finding of fraudulent joinder does not require a finding of fraudulent intent; rather, fraudulent joinder exists if a plaintiff's claim against an in-state defendant has no chance of success, whatever the plaintiff's motive. *Schwenn v. Sears, Roebuck and Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993). Where no reasonable basis in fact or law supports the claims against the resident defendants, such joinder is deemed fraudulent and will not prevent a defendant's right to removal. *Reeb*, 902 F. Supp. at 187. For the reasons discussed below, Plaintiffs have no reasonable basis for recovery against New Monsanto or Solutia.

28. To succeed on a negligence claim in Missouri, a plaintiff must prove (1) a legal duty on the part of the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a breach of that duty; (3) a proximate cause between the conduct and the resulting injury; and (4) actual damages to the claimant's person or property. *Horn v. B.A.S.S.*, 92 F.3d 609, 611 (8th Cir. 1996) (applying Missouri law).

6

29. Similarly, to succeed on a premises liability claim in Missouri, a plaintiff must prove that (1) the owner of the premises owed a duty to the plaintiff; (2) a dangerous condition existed on the premises which involved an unreasonable risk; (3) the defendant knew or by using ordinary care should have known of the condition; (4) the defendant failed to use ordinary care in removing or warning of the danger; and (5) as a result, the plaintiff was injured. *Brown v. Morgan County*, 212 S.W.3d 200, 203-04 (Mo. Ct. App. 2007).

30. A claim for loss of consortium is derivative of the injured spouse's claim, meaning the plaintiffs must prove the defendant caused the original injury, which in turn caused the spouse a separate injury. *See Wright v. Barr*, 62 S.W.3d 509, 537 (Mo. Ct. App. 2001). In other words, failure to succeed on the underlying tort claim bars a loss of consortium claim. *Id.*

31. Here, the premises in question were never owned or operated by New Monsanto. In fact, New Monsanto did not come into existence until 2000, eleven years after Mr. Hayden allegedly worked at the John F. Queeny plant. At no time from 1966 to 1989, the alleged dates of Plaintiff Thomas Hayden's benzene exposures, did New Monsanto (or Monsanto Company) own, operate, maintain, or manage the John F. Queeny plant or any other location of alleged exposure related to Plaintiff's claims in this lawsuit. *See* Exhibit F, Declaration of Keith Abrams.

32. Similarly, the premises in question was not owned, operated, or controlled by Solutia until 1997—eight years after Mr. Hayden last worked at the John F. Queeny plant. At no time from 1966 to 1989, the alleged dates of Plaintiff Thomas Hayden's benzene exposures, did Solutia own, operate, maintain, or manage the John F. Queeny plant or any other location of alleged exposure related to Plaintiff's claims in this lawsuit. *See* Exhibit G, Declaration of Edwin Williamson.

33. Since Plaintiffs allege that New Monsanto's and Solutia's liability arise out of their ownership, operation, or management John F. Queeny plant from 1966 to 1989 and neither New

7

Monsanto nor Solutia owned, operated, or managed this plant at that time, Plaintiffs have no reasonable basis for recovery from New Monsanto or Solutia.

34. Because Plaintiffs can bring no viable claim against New Monsanto or Solutia, they have been fraudulently joined and this Court should disregard their inclusion in the First Amended Petition for purposes of this Notice of Removal.

## IV. This is the Proper Venue

35. The Twenty-Second Judicial Circuit Court of the City of St. Louis, Missouri, is located within the Eastern District of Missouri, Eastern Division. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

## V. Compliance with Procedural Requirements

36. Copies of all process, pleadings, orders, and other filings in the state court suit are attached as Exhibit H to Removing Defendants' Notice of Removal, pursuant to 28 U.S.C. § 1446(a).

37. A copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy will be filed contemporaneously with the Clerk of the Twenty-Second Judicial Circuit Court.

38. Pursuant to Federal Rule of Civil Procedure 7.1, Removing Defendants timely filed Corporate Disclosure Statements.

39. All defendants consent to removal. *See* Exhibit I, Consents to Removal.

40. By filing this Notice of Removal, Removing Defendants do not waive any defenses in this Court or otherwise.

## VI. Jury Demand

41. Removing Defendants demand a trial by jury on all counts and defenses.

## VII. Conclusion

42. Removing Defendants have properly complied with the removal statutes set forth above, and this case thus stands removed from the Twenty-Second Judicial Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri.

**Dated: December 1, 2023**               Respectfully submitted,

                                 **HUSCH BLACKWELL LLP**

                                 By: /s/ *Bryan Hopkins*
                                    Bryan Hopkins, #45896MO
                                    Brandon Black, #70880MO
                                    8001 Forsyth Boulevard, Suite 1500
                                    St. Louis, Missouri 63105
                                    314-480-1500
                                    314-480-1505 Facsimile

                              ***Attorneys for Defendants Monsanto Company, Solutia Inc., Pharmacia LLC, and Eastman Chemical Company***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of December, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of this Court's electronic filing system.


      By: /s/ *Bryan Hopkins*